IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

In re:  }
        }
Gary L. Hulslander and }  Case No. 12-41395-JJR13
Terrie L. Hulslander, }
        }
    Debtors. }

## OPINION AND ORDER DENYING
## MOTION FOR RELIEF FROM JUDGMENT

This case came before the Court on the Motion for Relief from Judgment or Order ("Motion" Doc. 70) filed by creditor, Citizens Bank & Trust ("Citizens"). The court conducted a hearing on November 1, 2016, and the parties have since submitted their briefs (Docs. 84, 85, and 86). The court considered the matters of record in its electronic docket pertaining to the instant case and an earlier case filed by the Debtors, the pleadings and submissions related to the Motion, as well as the arguments of counsel and the relevant statutory and case law. For the reasons that follow, the court finds the Motion is due to be denied.

The Debtors have filed two chapter 13 cases. The first, case no. 07-41114-JJR13, was filed June 28, 2007, but it was dismissed without a discharge on June 29, 2012 when the court granted the trustee's motion to dismiss (first case Doc. 181). The instant case – the second case – was filed on July 25, 2012, and after all *allowed* claims were paid in full (Doc. 65), the Debtors were granted a discharge on July 6, 2016 (Doc. 68). In both cases, Citizens was shown on the Debtors' schedules as their largest general unsecured creditor.[1]

---

[1] In the first case, Citizens' claim was listed on Schedule F at $65,919 (first case Doc. 1, p. 19), and at $65,501 in the instant case. (Doc. 1, p. 18.)

In the first case, Citizens appeared through a lawyer that routinely handles its bankruptcy cases ("Counsel"). Counsel filed a proof of claim in the first case on Citizens' behalf, and the claim designated Counsel as the "notice address" for claim-related matters.[2] When the Debtors filed their second case, the case currently before the court, Citizens was listed on the creditor matrix, but Counsel was not. Citizens' claim in the instant case was not allowed, and it was not paid, because Citizens did not file proof of its claim as required by Rule 3002(a) of the Federal Rules of Bankruptcy Procedure (collectively, the "Rules" and individually, a "Rule").[3] The Debtors' failure to list Counsel on their matrix in the instant case, and thus provide for Counsel to be given notice of their second case, is the crux of the issue before the court.

It is undisputed that the initial notice to creditors in this second case – the notice required by Rule 2002(f) (Doc. 16) – was sent to, and received by Citizens in due course. That notice advised of the order for relief, the time and location of the meeting of creditors to be conducted pursuant to Rule 2003 and section 341(a) of the Bankruptcy Code,[4] and the deadline for filing proofs of claim under Rule 3002, along with other information. The notice was prepared and served by the clerk of court through the Bankruptcy Noticing Center ("BNC") to all entities on the official creditor matrix, which included Citizens. The BNC directed all notices to Citizens at the electronic address Citizens had provided to the BNC as its preferred electronic address, for use in lieu of mailing.[5] (Doc. 18, BNC certificate of service for the Meeting of Creditors at Doc.

---

[2] "[A] proof of claim filed by a creditor . . . that designates a mailing address constitutes a filed request to mail notices to that address . . . ." Rule 2002(g)(1)(A).

[3] "An unsecured creditor . . . must file a proof of claim . . . for the claim . . . to be allowed . . . ." Rule 3002(a).

[4] 11 U.S.C. § 101, *et seq.* and herein referred to as the "Code."

16.) Similarly, the Debtors' chapter 13 plan was served by the clerk of court through the BNC on all creditors listed on the official creditor matrix. (Doc. 19, BNC certificate of service for the plan at Doc. 4.) None of the notices in the instant case were sent to Counsel, and Counsel never made an appearance on behalf of Citizens in the second case.

The Citizens employee who received the initial notice and plan in the instant case (and apparently all subsequent notices in this case through BNC and through regular mail) did not realize – due to a unilateral, albeit plausible oversight – that the Debtors had filed a second case with a new case number and deadlines. The employee mistakenly believed that the notices pertained to the previously dismissed first case, and assumed Counsel was receiving the same notices. (Docs. 70, 84.) It is worth noting that the Debtors filed and served, via mail to Citizens' business address, a Motion to Extend Stay ("Motion to Extend" Doc. 10) in the instant-second case. The Motion to Extend recited in detail that the first case had been dismissed, that a second case had been filed, and asked the court to maintain the automatic stay in the second case. The Motion to Extend was not served on Counsel but he was served with notice that the first case had been dismissed. (first case Doc. 182.) With no proof of claim or other participation by Citizens, the instant case proceeded to plan confirmation, and after payment of amounts sufficient to fully pay all allowed claims – claims filed by the bar date – the Debtors received a discharge on July 6, 2016. (Doc. 68.)

---

[5] According to the BNC, the address used for the initial notices in the case to Citizens was kmitchell@citizensbanktrust.com or P.O. Box 1667, Albertville, AL 35950-0028. Notices given by the Debtors during the course of the case, including the Motion to Extend Stay, were mailed to the P.O. Box mailing address, as shown on the official creditor matrix. In any event, Citizens does not deny that it received actual and timely notice of this case. During the first case, the BNC at first mailed notices to Citizens, but as of May 31, 2009 (first case Doc. 93), the BNC began using the creditor-provided email address in lieu of mailing.

At the commencement of both cases, the Debtors owned a yacht. According to the Debtors' schedules, the yacht had sufficient value to require payment of all unsecured debts in full with interest, including the debt that remained owing to Citizens when the second case was filed.[6] The confirmed plan as amended (Doc. 37) in the instant case provided for the sale of yacht to pay all general unsecured claims in full, but because Citizens never filed a proof of claim in the second case, the total amount of claims ultimately allowed was substantially less than the amount listed by the Debtors on their schedules. Thus, the Debtors were able to pay their case in full without the necessity of selling the yacht – unquestionably a windfall.

Upon learning that its claim had been discharged with no payment, Citizens, through Counsel, filed the Motion to vacate the discharge. The Motion cites Rule 9024, or alternatively Code § 105, as grounds for setting aside the Debtors' discharge at least to the extent of Citizens' claim.

In general, Rule 9024, applying Fed. R. Civ. P. 60 to bankruptcy cases, allows a court to relieve a party from a final judgment, order, or proceeding upon a finding of mistake, inadvertence, excusable neglect, discovery of new evidence, fraud, misrepresentation or misconduct by an opposing party, or any other reason that justifies relief. Code § 105(a) provides, "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Code]." As discussed below, the evidence does not support a finding of fraud on the part of the Debtors. Rather, the court finds that Citizens' failure to pay attention to the notices it received, believing that Counsel was also receiving the same notices,

---

[6] Code § 1325(a)(4) requires that a chapter 13 debtor's plan pay unsecured creditors no less than what they would receive in a liquidation under chapter 7 – commonly referred to, in bankruptcy jargon, as the "best interest of creditors test." Since the value of the Debtors' assets, including the yacht, was more than their scheduled debts, their confirmed plan was required to, and in fact did, propose to pay all allowed unsecured claims in full with interest.

4

does not equate to a mistake, inadvertence, or excusable neglect relative to entry of the order of discharge; it was simply the result of Citizens not sufficiently attending to notices it received during the four years between dismissal of the first case and the discharge granted in the second. The relief Citizens seeks would require the court to set aside the Debtors' discharge, thereby relieving Citizens of the consequences of not filing a timely proof of claim.[7] The court will not extend the reach of Rule 9024 that far, or use Code § 105(a) to fashion relief for Citizens' unilateral mistake.

Citizens argues that it was not provided adequate notice of the Debtors' second case as required by Code § 342, or alternatively Rule 2002(g). In essence, Citizens asserts that the Debtors' failure to list Counsel on the matrix, and the Debtors' failure to send notice of their second case or plan directly to Counsel at his address as used in the first case, were violations of that Code section and Rule. Additionally, in its brief Citizens stresses that the actual notice its employee received during the instant case was not "appropriate" notice of the order for relief, and argued that for notice of the second case to have been "appropriate" it should have been given to Counsel to avoid an abuse of the spirit and letter of the Code.[8] The Debtors counter

---

[7] "Chapter 13 does not contain a provision dealing with tardily filed proofs of claim. As a result, the only relevant provision for a court to consider when faced with a late filed claim in a Chapter 13 case is Rule 3002(a), which clearly requires that such a claim be disallowed." *Matter of Osman*, 164 B.R. 709, 712 (Bankr. S.D. Ga. 1993). "The majority of courts considering the issue in Chapter 13 have declined to extend the bar date under any other equitable theory. A small minority of cases, nevertheless, have found some marginal 'give' in the wording of the statutes and the rules." *In re Smelley*, 2006 WL 2385004, at *7 (Bankr. N.D. Ala. 2006) (citations omitted). Even if this court were to find some wiggle room to extend the bar date, the facts in this case are not persuasive: Citizens missed the bar date by over four years.

[8] Code § 342(a) provides, "There shall be given such notice as is appropriate . . . of an order for relief in a case under [the Code]." And Rule 2002(g)(1) provides, "Notices required to be mailed under Rule 2002 to a creditor . . . shall be addressed as such entity . . . has directed in its last request *filed in the particular case.*" (emphasis added). Neither Citizens nor Counsel filed anything in this particular case; all their filings were in the first case.

5

that there is no dispute that Citizens received actual notice of the commencement of the second case, and of the plan, confirmation order, and most significantly, the claims bar date in the second case. Further, the Debtors maintain that "appropriate" notice cannot include a requirement to serve an attorney who represented a creditor in a prior case, because they would not know whether that same attorney would be hired in the subsequent case, even where there was a long-standing history of a creditor using a particular attorney. Citizens presented no evidence that the failure to list Counsel on the creditor matrix, or otherwise serve Counsel with the second-case filings, was a calculated attempt on the part of the Debtors or their attorney to trick Citizens into doing exactly what it did—overlook the second case and take no action to participate in that case.

If the notice, sent to and received by Citizens, were determined to be not "appropriate" and, therefore, insufficient to satisfy Code § 342, then Citizens would have potential grounds under Code § 523(a)(3)(A) to have its debt excepted from discharge. Under that scenario, Citizens possibly would have "neither [been] listed nor scheduled . . . in time to permit . . . timely filing of a proof of claim . . . . " *Id.*[9] But for a claim to be excepted from discharge under § 523(a)(3)(A), the creditor must have neither notice nor actual knowledge of the case in time to timely file a proof of claim. *Id*. Here, Citizens had notice, and cannot seriously argue that it did not have actual knowledge simply because it chose not to read the notices it received in the second case.

---

[9] Clause (6) of Rule 7001 requires that a determination of the dischargeability of a debt under Code § 523(a)(3)(A) be pursued by an adversary proceeding. Nonetheless, even if such a proceeding were commenced, it does not appear it would be successful under the uncontested facts in this case.

6

Code § 1328(e) allows the court to revoke a debtor's discharge if the discharge was obtained by fraud. However, the facts in this case do not support a finding fraud, and Citizens admits it is not alleging fraud. (Doc. 86.) The Debtors properly scheduled Citizens as a creditor and the notice Citizens received was sufficient and appropriate, despite a lack of notice directed to Counsel. While the employee's mistake ultimately resulted in a windfall to the Debtors equal to the amount that would otherwise have been paid to Citizens had the yacht been sold and Citizens' claim had been allowed and paid, the court finds no trickery or deception calculated to deceive Citizens, on the part of the Debtors or their attorney. The Debtors did what the Code and Rules required by scheduling Citizens at its business address, and all notices were so directed. To hold that Counsel and his address should have been listed on the matrix to receive notice would elevate what would perhaps have been a professional courtesy to the level of a due process requirement, and the court does not read § 342(a) or Rule 2002(g) as authorizing such a stretch.

Finally, Citizens is correct that the Debtors did not comply with the provision of their confirmed plan that required the sale of the yacht and application of the proceeds to unsecured claims. Such noncompliance is excused, however, because all *allowed* unsecured claims were paid in full with interest, and that is all the Code requires: "[A]s soon as practicable after completion by the debtor of all payments under the plan, . . . the court shall grant the debtor a discharge of all debts provided for by the plan or disallowed under section 502 of [the Code] . . . ." Code § 1328(a). Inasmuch as the plan payments were fully paid, with interest, the requirements of the plan were satisfied, and a sale of the yacht would be superfluous. Citizens lost its opportunity to be paid in the Debtors' second case, and also its right to enforce strict compliance with the plan's sale provision, when Citizens failed to file a proof of claim that

7

Case 12-41395-JJR13    Doc 87    Filed 02/07/17    Entered 02/07/17 14:22:08    Desc Main
Document    Page 7 of 8

would have elevated its claim to allowed status. Based upon the foregoing, the Motion (Doc. 70) is DENIED.

So done and ordered this 7th day of February 2017.

/s/ James J. Robinson
JAMES J. ROBINSON
CHIEF U.S. BANKRUPTCY JUDGE
